

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00167-CR

---

ULRICK LEE GUERRERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 19-3161, Honorable Reed Filley, Presiding

---

March 9, 2022

## MEMORANDUM OPINION

Before QUINN, C.J. and PARKER and DOSS, JJ.

Ulrick Lee Guerrero appeals his conviction for failing to comply with the sex offender registration statute. His sole issue concerns whether the conviction was supported by legally sufficient evidence. We affirm.

The standard of review applied here is that described in *Arroyo v. State*, 559 S.W.3d 484 (Tex. Crim. App. 2018). Furthermore, statute provides that a "person commits an offense if the person is required to register and fails to comply with any requirement of this chapter," that is, Chapter 62 of the Texas Code of Criminal Procedure.

TEX. CODE CRIM. PROC. ANN. art. 62.102(a). Said chapter also states that if a "person . . . required to register . . . intends to change address . . . the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority . . . and provide the authority . . . with the person's anticipated move date and new address." *Id.* art. 62.055(a). Failing to abide by the latter was the violation for which appellant was indicted, tried, and ultimately convicted by a jury.

Appellant does not dispute that he 1) had an obligation to register as a sex offender and 2) was obligated to inform his local law enforcement authority designated as his primary registration authority of any intent to move from Post, Texas. Rather, his contention involves whether the State proved he moved or intended to move from Post, Garza County, to Lubbock, Lubbock County. Because he allegedly lacked an intent to move from Garza County when he was found in Lubbock County, the State failed to prove he violated article 62.055(a), according to appellant.

Admittedly, appellant testified that he had not moved to Lubbock, Texas, when found there weeks after leaving his Mother's home in Post, Garza County, Texas. Yet, his Mother testified that he 1) came to live with her in Post after his release from prison, 2) left the home in December of 2018, and 3) never returned. Her home was the address given to his primary registration authority as his address. Yet, when found in Lubbock, Texas, during the month of February of 2019, appellant acknowledged that he "was living in Lubbock." So too did he inform the deputy who found him that he, appellant, "was supposed to be living in Post." Finally, other evidence revealed that appellant never told his primary registration authority in Garza County that he was moving to Lubbock.

2

The jury was not obligated to accept appellant's testimony as credible. And, when viewed in a light most favorable to the prosecution, as mandated in *Arroyo*, the foregoing evidence was enough to permit a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. It was enough to permit the jury at bar to conclude, beyond a reasonable doubt, that appellant failed to comply with the Chapter 62 registration requirement specified in the indictment and jury charge. Thus, we overrule his sole issue and affirm the trial court's judgment.

Brian Quinn
Chief Justice

Do not publish.

3